**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: | : Bankruptcy No. 24-10101-AMC |
| Andria A. Steve, | : Chapter 13 |
| *Debtor.* | : |
| | : |
| U.S. Bank National Association, not in its individual | : |
| capacity but solely as trustee for the RMAC Trust, | : |
| Series 2016-CTT | : |
| *Movant,* | : |
| vs. | : |
| Andria A. Steve and Fred Hall, Jr. | : |
| (Non-Filing Co-Debtor), | : |
| *Debtors/Respondents,* | : |
| and | : |
| Kenneth E. West, Esquire, | : |
| *Trustee/Respondent.* | : |

**CONSENT ORDER / STIPULATION AGREEMENT SETTLING
MOTION FOR RELIEF FROM AUTOMATIC STAY
UNDER 11 U.S.C. § 362 AND CO-DEBTOR STAY UNDER §1301**

AND NOW, upon the Motion of U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CTT ("Creditor"/ "Movant"), through its counsel, Hladik, Onorato & Federman, LLP, for relief from the automatic stay pursuant to Bankruptcy Code § 362(d), and Co-Debtor Stay under §1301, as to real property located at 7433 Rogers Avenue, Upper Darby, PA 19082 (the "Property"), it is hereby agreed as follows:

Debtor, Andria A. Steve, ("Debtor") acknowledges that the following monthly post-petition payments are due as follows:

Payments due for September 20, 2024 through November 20, 2024 ($1,187.80/each)…$3,563.40
Suspense Balance:……………………………………………………………………..($797.88)
Attorney's Fees/Costs of Motion:………………………………………….……………$1,249.00
**Total Amount Due – Post-Petition:……………………………………………....$4,014.52**

1.    Debtor shall cure the Arrears as set forth above in the following manner:

a.    The total post-petition arrears, in the amount of **$4,014.52** shall be added into, and paid through, the Chapter 13 Plan of Reorganization in addition to the current arrearage amount on Movant's Proof of Claim.  Counsel for Debtor(s) shall file an Amended Plan within fifteen (15) days of the entry of this Stipulation.

2.      Debtor agrees to continue making the regular post-petition monthly payments to Creditor in the amount of **$1,187.80** (or as may be adjusted from time to time, as per standard escrow practices or Contract terms), commencing with the **December 20, 2024** payment and monthly every payment thereafter.

3.      Debtor shall make the regular monthly payments required to the Trustee.

4.      Debtor shall send all payments due directly to Creditor at the address below:

**Rushmore Servicing**
**PO Box 619096**
**Dallas, TX 75261**

**Rushmore's** loan **#xxxxx9824** must appear on each payment.

5.      In the event Debtor fails to make any of the payments set forth hereinabove (or real estate taxes and/or hazard insurance when due) on or before the due dates, or in the event Debtor fails to amend her plan as per above, Creditor and/or Counsel may give Debtor and Counsel for Debtor notice of the default.  If Debtor does not cure the default within ten (10) days of the notice, upon Certification of Default to the Court, and request for Order, with a copy to Debtor and Counsel for Debtor, Creditor shall immediately have relief from the bankruptcy stay and Co-Debtor stay upon entry of Court Order. Debtor's opportunity to cure the default shall be limited to two (2) occurrences.  Upon the third occurrence, Creditor may file a Certification of Default with the Court without notice to Debtor or Debtor's counsel.

6.      The failure by the Creditor, at any time, to file a Certification of Default upon default by the Debtor shall not be construed, nor shall such failure act, as a waiver of any of Creditor's rights hereunder.

7.      Upon issuance of the aforesaid Order, the parties hereto further agree that Creditor may proceed in state court to exercise all rights and remedies available to it as a Creditor under state and federal law.

8.      In the event Debtor converts to a bankruptcy under Chapter 7 of the Bankruptcy Code, then Debtor shall pay all pre-petition arrears and post-petition arrears within 10 days from the date the case is converted.  If Debtor fails to make payments in accordance with this paragraph, then the Creditor, through Counsel, may file a certification setting forth said failure and the Creditor shall be granted immediate relief from the automatic stay and Co-Debtor stay.

9.      It is further agreed that the 14-day stay provided by Rule 4001(a)(3) is hereby waived.

10.      The undersigned parties request that the Court enter an Order approving this Consent Order/Stipulation and the terms therein.

By signing this Stipulation, Counsel for Debtor represents that the Debtor is familiar with and understands the terms of this Stipulation and agrees to said terms regardless of whether the Debtor(s) has/have signed this Stipulation. Seen and agreed by the parties on the date set forth below:


/s/ Danielle Boyle-Ebersole

Danielle Boyle-Ebersole, Esquire
Counsel for Creditor

Date: 11/26/2024
No Objection - Without Prejudice to Any
Trustee Rights or Remedies

Brad J. Sadek, Esquire
Counsel for Debtor

Date: 11/26/24


/s/ LeeAne O. Huggins
Kenneth E. West, Esquire
Trustee

Date: November 29, 2024